1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                    EASTERN DISTRICT OF WASHINGTON
7   ERIKA ANN TERWISSCHA,              No. CV-12-3121-JTR
8
        Plaintiff,                     ORDER GRANTING, IN PART,
9                                      PLAINTIFF'S MOTION FOR
        v.                             SUMMARY JUDGMENT AND
10                                     REMANDING FOR ADDITIONAL
11  CAROLYN W. COLVIN,                 PROCEEDINGS
    Commissioner of Social Security,
12
13      Defendant.
14
15      **BEFORE THE COURT** is Plaintiff Erika Ann TerWisscha's (Plaintiff's)
16  Motion for Summary Judgment, ECF No. 16, and the Commissioner of Social
17  Security's (Defendant's) Motion for Remand and Further Administrative
18  Proceedings, ECF No. 24. Attorney D. James Tree represents Plaintiff; Special
19  Assistant United States Attorney Lars J. Nelson represents Defendant. The parties
20  have consented to proceed before a magistrate judge. ECF No. 6. After reviewing
21  the administrative record and the briefs filed by the parties, the Court **GRANTS, in**
22  **part,** Plaintiff's Motion for Summary Judgment; **GRANTS** Defendant's Motion
23  for Remand; and **REMANDS** the matter to the Commissioner for additional
24  proceedings pursuant to 42 U.S.C. § 405(g).
25                            **JURISDICTION**
26      Plaintiff filed an application for a period of disability and Disability
27  Insurance Benefits on July 23, 2008, alleging disability since January 1, 2001, Tr.
28  65, due to gastroparesis, Tr. 75. At the administrative hearing, Plaintiff revised her

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

alleged onset date to January 1, 2002.  Tr. 419-420.  The application was denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Marie Palachuk held a hearing on June 15, 2010, Tr. 407-438, and issued an unfavorable decision on July 8, 2010, Tr. 15-21.  The Appeals Council denied review on August 21, 2012.  Tr. 5-10.  The ALJ's January 2011 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on October 4, 2012.  ECF No. 1, 5.

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was born on May 23, 1967, and was 34 years old on the alleged onset date, January 1, 2002.  Tr. 65, 419-420.  She completed high school, but has taken no college or trade school classes.  Tr. 430, 169.  Plaintiff testified at the administrative hearing that in 2002 she was vomiting frequently, had spells of diarrhea and had constant cramping pain in her stomach.  Tr. 423.  She stated she has had about 50 hospital visits and 15 doctor visits a year since 2002.  Tr. 426. Plaintiff indicated she last worked in 2002 and 2003 cleaning an office once a week and as a clerk at a JC Penney Department Store for about a week and a half. Tr. 428.  She stated she stopped working because she ended up going to the hospital and was not well enough to work.  Tr. 428.

Plaintiff's husband, Roger TerWisscha also testified at the administrative hearing.  Tr. 430-433.  He stated Plaintiff's health was fine in January 2001, but she then started having problems with rectal bleeding in the fall of 2001.  Tr. 431. He indicated he remembers Plaintiff's health was really bad in September 2001 and that her condition remained poor, with constant bouts of vomiting and diarrhea, until she had a gastric pacemaker put in.  Tr. 431-432.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 2

Sergio Bello, M.D., testified as a medical expert at the administrative hearing. Tr. 412-422. Dr. Bello indicated Plaintiff's gastroparesis condition was initially "at a low level but it's been a progressive problem." Tr. 415. He stated Plaintiff's condition worsened much later than 2002 and became a medically determinable severe impairment starting around 2004 or 2005. Tr. 415. Dr. Bello testified he could not "say with certainty" that Plaintiff had any limitations prior to September 2002. Tr. 416. It was noted Plaintiff had a gastric pacemaker put in in 2004, Tr. 417, and Dr. Bello opined that was the point in time (2004) when Plaintiff's gastroparesis had started to get worse, Tr. 418.

When Plaintiff's counsel asked Dr. Bello about Dr. Halma's October 12, 2009 medical report, which indicates Plaintiff would miss four or more days of work per month, Tr. 328-329, Dr. Bello initially indicated he did not see the level of frequency or severity in the record to support Dr. Halma's opinion. Tr. 419. Upon further questioning, Dr. Bello answered "that is correct, yes" to Plaintiff's attorney's question of whether Dr. Bello would concur with the physician's opinion that "since 2002" Plaintiff would miss four or more days of work per month. Tr. 421.

## ADMINISTRATIVE DECISION

The ALJ indicated Plaintiff was insured only through September 30, 2002. Tr. 15, 17. In order to be eligible for a period of disability and DIB, Plaintiff thus had to establish disability prior to September 30, 2002. *Id*. Consequently, the relevant time period in this case, January 1, 2002 (the alleged onset date), to September 30, 2002 (the date last insured), is fairly narrow.

The ALJ found that Plaintiff did not engage in substantial gainful activity during that relevant time period. Tr. 17. The ALJ determined, at step two, that Plaintiff had a severe impairment of gastroparesis/irritable bowel syndrome/ulcerative colitis during the relevant time period. Tr. 17. At step three, the ALJ found Plaintiff's severe impairment did not meet or medically equal a

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 3

listed impairment during the relevant time period.  Tr. 18.  The ALJ assessed Plaintiff's RFC and determined that, during the relevant time period, Plaintiff could perform light exertion level work with limitations for only occasional postural manipulations (i.e., bending, twisting, stooping, kneeling, crouching, balancing, etc.).  Tr. 18.

At step four, the ALJ concluded that Plaintiff was able to perform her past relevant work as a sales clerk, bartender, waitress, and cashier.  Tr. 20.  In the alternative, the ALJ determined at step five that there were other jobs that existed in significant numbers in the national economy that Plaintiff could have also performed.  Tr. 20-21.  The ALJ thus determined that Plaintiff was not under a disability within the meaning of the Social Security Act at any time from January 1, 2002, the alleged onset date, through the date last insured, September 30, 2002.  Tr. 21.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the Court set out the standard of review:

A district court's order upholding the Commissioner's denial of benefits is reviewed de novo.  *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 4

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 5

in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(i-v), 416.920(a)(4)(i-v).

## ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting the opinion of Dr. Halma; (2) improperly rejecting the opinion of Drs. Brown and Boonpongmanee; and (3) improperly rejecting Plaintiff's subjective complaints. ECF No. 16 at 13. Defendant concedes that Dr. Halma's opinion should be reconsidered on remand in light of Dr. Bello's ambiguous testimony and that the ALJ erred by failing to provide valid reasons for discounting Plaintiff's credibility. ECF No. 24 at 5-9. Defendant, however, believes the ALJ provided appropriate rationale for discounting the opinions of Drs. Brown and Boonpongmanee. ECF No. 24 at 10-15. Defendant requests that the Court remand the matter for additional proceedings. ECF No. 24. Plaintiff's reply brief asserts that given the opinions of Drs. Halma, Bello and Brown, in conjunction with the testimony of the vocational expert, the case should be remanded for an immediate award of benefits. ECF No. 26.

## DISCUSSION

### A.    Dr. Halma's October 12, 2009 Report

Plaintiff contends the ALJ committed reversible error by improperly rejecting Dr. Halma's October 12, 2009 report. ECF No. 16 at 14-15, 17-18. Defendant argues that remand for further administrative proceedings is appropriate for the ALJ to resolve ambiguity and apparent conflict between the opinions of Drs. Halma and Bello. ECF No. 24 at 5-7.

As noted above, because Plaintiff was insured only through September 30, 2002, Plaintiff must establish disability prior to September 30, 2002, in order to be eligible for a period of disability and DIB.  At the administrative hearing, Dr. Bello testified that Plaintiff's condition worsened much later than 2002 and became a medically determinable severe impairment starting around 2004 or 2005, two or three years after the relevant time period in this case.  Tr. 415.  Dr. Bello testified he could not "say with certainty" that Plaintiff had any limitations prior to September 2002.  Tr. 416.

On October 12, 2009, seven years after the relevant time period, Dr. Halma filled out a "medical report" on behalf of Plaintiff.  Tr. 328-329.  The report indicates Dr. Halma had treated Plaintiff since 2001 for her gastroparesis, pulmonary fibrosis, ARDS, ulcerative colitis and reactive depression, and that the limitations assessed in the report had existed since January 2002.  Tr. 328-329.  Dr. Halma noted on this October 2009 report that Plaintiff would miss work due to medical impairments "4 or more days per month" if she "were **currently** attempting to work a 40-hour per week schedule."  Tr. 329 (emphasis added).

The undersigned finds it is unclear whether Dr. Halma's October 2009 report addresses Plaintiff's condition during the relevant time period in this case. The October 2009 report asks if Plaintiff would miss work due to medical impairments if she "were currently attempting to work a 40-hour per week schedule."  Tr. 329.  It does not specifically ask whether Plaintiff would have missed work due to medical impairments between January 1, 2002 and September 30, 2002.  The undersigned is not convinced this "medical report" is probative evidence of Plaintiff's condition during the relevant time period.

When asked about Dr. Halma's October 2009 report, Dr. Bello initially indicated he did not see the level of frequency or severity in the record to support Dr. Halma's opinion.  Tr. 419.  Upon further questioning, Dr. Bello answered "that is correct, yes" to Plaintiff's attorney's question of whether Dr. Bello would concur

with Dr. Halma's opinion that "since 2002" Plaintiff would miss four or more days of work per month.  Tr. 421.  Again, the undersigned is not persuaded that Dr. Halma's October 2009 report indicates Plaintiff would have missed four or more days of work per month due to medical impairments in 2002.

While Dr. Halma apparently treated Plaintiff in the early 2000's, there are no medical records from Dr. Halma or other medical professionals from the relevant time period to substantiate the level of limitation Plaintiff's counsel would lead us to believe Dr. Halma assessed on the October 2009 report.  Clearly, there is ambiguity in the report, as well as the hearing testimony of Dr. Bello, which needs further review.

The undersigned finds that Plaintiff's condition and residual functional capacity during the relevant time period should be reassessed on remand.  On remand, the ALJ shall reconsider Dr. Halma's October 2009 report and, if deemed necessary, contact Dr. Halma to determine whether it is Dr. Halma's opinion that Plaintiff would have missed four or more days of work per month due to medical impairments **during the relevant time period**.[1]

**B.    Plaintiff's Credibility**

Defendant admits the ALJ erred by failing to provide adequate rationale for discounting Plaintiff's subjective complaints in this case.  ECF No. 24 at 7.

///

_____

[1]In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure the claimant's interests are considered, even when the claimant is represented by counsel.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).  An ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan*, 242 F.3d at 1150.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 8

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ merely stated she found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment.  Tr. 20.  The ALJ did not discuss the content of Plaintiff's testimony and failed to identify specific evidence which undermined Plaintiff's claims.  Accordingly, the undersigned finds Plaintiff's subjective complaints were improperly rejected by the ALJ in this case.  On remand, Plaintiff's credibility shall be reconsidered, and the ALJ shall provide an explanation for the weight accorded to Plaintiff's statements.

**C.   Drs. Brown and Boonpongmanee**

Plaintiff also argues the ALJ provided invalid reason for rejecting the opinions of Drs. Brown and Boonpongmanee.  ECF No. 16 at 18-19.  Defendant does not concede that the ALJ erred in weighing the opinions of these physicians.  ECF No. 24 at 10-15.

///

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 9

On the same type of form "medical report" Dr. Halma completed in October 2009, Timothy Brown, M.D., indicated in either October 2005 or October 2009,[2] that if Plaintiff were "currently" attempting to work a 40-hour per week schedule, she would miss work due to medical impairments four or more days per month. Tr. 334. Dr. Brown did not indicate on the form how long Plaintiff's symptoms had existed. Tr. 334. In November 2003, Somprak Boonpongmanee, M.D., treated Plaintiff for persistent nausea and vomiting. Tr. 316-321. Dr. Boonpongmanee's records indicate Plaintiff was being treated for gastropareasis, was receiving Botox injections to treat the condition, and was awaiting further treatment. *Id.*

Neither physician describes Plaintiff's condition or functioning ability during the relevant time period in this case; therefore, the probative value of their medical reports is limited. Nevertheless, for the reasons discussed above, the undersigned has determined a remand for additional proceedings is appropriate in this case. On remand, the ALJ shall additionally reconsider the opinions of Drs. Brown and Boonpongmanee, as well as all medical evidence of record, and give those opinions whatever weight, if any, the ALJ deems appropriate.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, the undersigned finds the ALJ's decision is not based upon the proper legal standards and is not supported by substantial evidence in the record. The Court has the discretion to

---

[2]Due to the physician's handwriting, it is difficult to discern the date of this report. While the undersigned believes the report is dated by Dr. Brown as October 13, 200**9**, Plaintiff's counsel cites the report as an October 13, 200**5** document, ECF No. 16 at 18. Defendant cites the report as being signed in 2009. ECF No. 24 at 14. In either case, the report was produced years after the relevant time period in this matter.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 10

remand the case for additional evidence and finding or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, as indicated above, further development is necessary to remedy defects and for a proper determination to be made.

On remand, the ALJ shall reassess Plaintiff's credibility, reconsider Dr. Halma's October 2009 report and, if deemed necessary, contact Dr. Halma to determine whether it is Dr. Halma's opinion that Plaintiff would have missed four or more days of work per month due to medical impairments during the relevant time period. The ALJ shall reassess Plaintiff's RFC, taking into consideration Dr. Halma's October 2009 report, Tr. 328-329, the opinions of Drs. Brown and Boonpongmanee, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ shall elicit the testimony of a medical expert at a new administrative hearing to assist the ALJ in formulating a new RFC determination. Plaintiff's new RFC assessment should be presented to a vocational expert to determine if Plaintiff is capable of performing her past relevant work as a sales clerk, bartender, waitress, or cashier or any other work existing in sufficient numbers in the national economy.

Accordingly, **IT IS ORDERED:**

1.     Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED, in part**.

2.     Defendant's Motion for Remand, **ECF No. 24**, is **GRANTED**.

3.     The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this order.

4.     An application for attorney fees may be filed by separate motion.

///

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 11

1    The District Court Executive is directed to file this Order and provide a copy

2  to counsel for Plaintiff and Defendant.  Judgment shall be entered in favor of

3  **PLAINTIFF** and the file shall be **CLOSED**.

4    DATED November 1, 2013.



_____

JOHN T. RODGERS

UNITED STATES MAGISTRATE JUDGE